IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BENEFIT FUND FOR HOSPITAL AND HEALTH CARE EMPLOYEES-PHILADELPHIA AND VICINITY and LAVERNE DEVALIA,<br><br>Plaintiffs,<br>v.<br><br>WILLIAM B. KESSLER MEMORIAL HOSPITAL,<br><br>Defendant. | CIVIL NO. 09-130(NLH)(JS)<br><br>**MEMORANDUM & ORDER** |

**APPEARANCES:**

SUSAN A. MURRAY
FREEDMAN & LORRY, PC
1601 MARKET STREET
2ND FLOOR
PHILADELPHIA, PA 19103

   *On behalf of plaintiffs*

DOUGLAS DIAZ
ARCHER & GREINER, PC
ONE CENTENNIAL SQUARE
HADDONFIELD, NJ 08033-0968

   *On behalf of defendant*

**HILLMAN**, District Judge

   This matter having come before the Court on the motion of plaintiffs, Benefit Fund for Hospital and Health Care Employees-Philadelphia and Vicinity (the "Fund") and Laverne Devalia, Executive Director for the Fund, for default judgment on their claims regarding unpaid contributions to the Fund by defendant William B. Kessler Memorial Hospital (the "Hospital"); and

The Hospital having appeared in the action to file a response to the Fund's motion; and

The Hospital not contesting the entry of default judgment as to any of the Fund's claims, except for two issues: (1) the Hospital argues that the Fund's request for an audit within 48 hours of the Fund's request for payroll records is over-burdensome because the Hospital closed operations on March 12, 2009, and without any administrative employees, the Hospital would need at least 21 days to respond to any request for documents, and to submit any overdue remittance reports; and (2) the Hospital contests the Fund's request for attorneys' fees and costs because the $300 per hour charge for a paralegal's time is an excessive rate for a paralegal and is more than some attorneys charge per hour; and

The Fund responding[1] with regard to the Hospital's first issue that it has no objection to allowing the Hospital the time it has requested for providing documents; but

The Fund further responding with regard to the Hospital's second issue that (1) the Hospital did not submit any brief explaining or supporting the basis for its objection to the paralegal rate; (2) the rate charged, as demonstrated in its

---

[1] The Fund has filed a motion for leave to file a reply to the Hospital's opposition, and has attached to its motion its reply. The Court will grant the Fund's motion, and will consider its reply.

"Declaration of Attorneys' Fees and Costs," is a blended rate comprising the fees for a senior associate, a senior paralegal/ librarian, and a partner, and it is the same rate charged by the Fund's co-counsel, Morgan Lewis & Bockius; and

The Fund further explaining that the paralegal's rate is generally $125.00 per hour, the senior associate's hourly rate ranges from $275 to $475 per hour, and the partner's rate is even higher; and

The Fund also explaining that ERISA compliance and litigation is a complex and highly-specialized area of the law, and representation of Taft-Hartley Funds encompasses the area of labor and employment law, tax law, and, in this case, bankruptcy law; and

The Court noting that "Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to a file a timely responsive pleading," Chanel v. Gordashevsky, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990)), but a party seeking default judgment "is not entitled to a default judgment as of a right," Franklin v. Nat'l Maritime Union of America, 1991 S. Dist LEXIS 9819, at *3-4 (D.N.J. 1991) (quoting 10 Wright, Miller & Kane, Federal Practice and Procedure § 2685 (1983)), aff'd, 972 F.2d 1331 (3d Cir. 1992).  The decision to enter a default judgment is "left primarily to the discretion of the district court."  Hritz v. Woma

3

Corp., 732 F.2d 1178, 1180 (3d Cir. 1984); and

The Court finding, and the Hospital not objecting, that the Fund is entitled to judgment in its favor on all the claims in its complaint; and

The Court further finding that because the Fund does not object, and good cause has been demonstrated by the Hospital, the Fund's request for an audit is modified so as to provide the Hospital with 21 days in order to respond to the Fund's document requests; and

The Court also finding that with regard to the Fund's request for attorneys' fees and costs, "attorney's fees, costs and liquidated damages are mandatory upon a judgment in favor of a pension plan," United Retail & Wholesale Employees Teamsters Union Local No. 115 Pension Plan v. Yahn & Mc Donnell, Inc., 787 F.2d 128, 134 (3d Cir. 1986) (citing 29 U.S.C. § 1132(g)(1),(2)); and

The Court further finding that the Hospital has provided no valid basis to challenge plaintiffs' counsel's blended rate; and

The Court further finding that had counsel not blended the rate of their paralegal, senior associate, and partner, the legal fees would be significantly higher than the $6,570.00 they are requesting, and to which they are entitled by statute;

Accordingly,

IT IS HEREBY on this 10th day of September, 2009

ORDERED that plaintiffs' motion for default judgment [5] is

4

GRANTED; and it is further

    ORDERED that plaintiffs' motion for leave to file a reply [8] is GRANTED.

    The Court will enter separately the modified Order of Judgment.

At Camden, New Jersey              <u>  s/ Noel L. Hillman  </u>

                                                          NOEL L. HILLMAN, U.S.D.J.